**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4803**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ADESOLA VANZANT,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:15-cr-00033-IMK-MJA-2)

———————

Submitted:  July 28, 2016               Decided:  August 1, 2016

———————

Before MOTZ and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Charles T. Berry, Fairmont, West Virginia, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adesola Vanzant appeals the 30-month sentence imposed upon his guilty plea to aiding and abetting the possession of stolen firearms, in violation of 18 U.S.C. §§ 2, 922(j), 924(a)(2) (2012). On appeal, Vanzant's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether the district court erred in denying a sentencing reduction for his role in the offense, as well as asserting claims of prosecutorial misconduct and ineffective assistance of trial counsel. Vanzant has not filed a supplemental pro se brief despite being advised of his right to do so. Finding no meritorious grounds for appeal, we affirm.

We review for clear error a district court's determination that a defendant is not entitled to a mitigating role reduction at sentencing. United States v. Powell, 680 F.3d 350, 359 (4th Cir. 2012). The defendant bears the burden of establishing, by a preponderance of the evidence, that he is entitled to such a reduction under U.S. Sentencing Guidelines Manual § 3B1.2 (2015). Id. at 358-59. In evaluating a defendant's eligibility for a § 3B1.2 adjustment, we examine "not just whether the defendant has done fewer bad acts than his codefendants, but whether the defendant's conduct is material or essential to committing the offense." Id. at 359 (internal quotation marks

2

omitted).  Here, although Vanzant was not a principal player, the record plainly establishes that his participation was material.  Thus, we conclude that the district court did not clearly err in denying Vanzant a reduction pursuant to § 3B1.2.

Moreover, contrary to Vanzant's suggestion in the Anders brief, the record contains no evidence of prosecutorial misconduct, and we decline to consider Vanzant's ineffective assistance claim on direct appeal because the record does not conclusively establish his trial counsel's ineffectiveness.  See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the judgment of the district court. This court requires that counsel inform Vanzant, in writing, of the right to petition the Supreme Court of the United States for further review.  If Vanzant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Vanzant.  We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before this court and argument would not aid the decisional process.

AFFIRMED